IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM HARRIS,<br><br>                  Plaintiff,<br><br>vs.<br><br>HILAND DAIRY FOODS,<br><br>                  Defendant. | **8:23CV62**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff William Harris' Complaint filed on February 17, 2023. Filing No. 1. Plaintiff, a non-prisoner proceeding pro se, has been given leave to proceed in forma pauperis. Filing No. 5. The Court is required to conduct an initial review of in forma pauperis complaints pursuant to 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sues his former employer, Hiland Dairy Foods ("Hiland"), seeking compensatory and punitive damages for alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 to 12117; and the Rehabilitation Act of 1973, 29 U.S.C. § 794. Filing No. 1 at 3. Plaintiff alleges he was hired at Hiland on April 20, 2022, and was trained the first four weeks by four different people "while being antagonized and manipulated to self-destruct." Id. at 5. After a month on the job, Plaintiff alleges he was "criticized of [his] work ethic that created a hostile working environment" and received his 30-day evaluation in which two supervisors rated him "extremely low." Id.

On June 2, 2022, Plaintiff met with two supervisors and spoke of his "disability, asked for accomadations [sic], only to be called combative because [Plaintiff] expressed

complaints of being targeted [and] harassed." *Id*. Plaintiff was subjected to verbal abuse on June 3, 2022, and sent home fifteen minutes early. On June 6, 2022, Plaintiff met with "Ms. McDaniel in HR who disregarded [his] complaints, made false accusations, and alleged it was [Plaintiff's] work ethic rather than my race [and] disability causing issues." *Id*. at 6. Plaintiff was then terminated on June 10, 2022, and alleges he did not receive holiday pay for Memorial Day 2022 that he "was told was based on overtime hours of that pay period." *Id*.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. ANALYSIS OF COMPLAINT

Liberally construed, Plaintiff alleges claims of harassment, discrimination, and retaliation based on race and disability under federal law. The Complaint, however, fails to allege that Plaintiff has exhausted his administrative remedies as required and fails to allege a plausible claim upon which relief may be granted.

**A. Timeliness and Exhaustion of Remedies**

To pursue discrimination and retaliation claims under Title VII, the ADA, and the Rehabilitation Act, a plaintiff must exhaust all administrative remedies. To accomplish this, a plaintiff must seek relief through the Equal Employment Opportunity Commission ("EEOC") or the Nebraska Equal Opportunity Commission ("NEOC"). 42 U.S.C. § 2000e-5(f)(1) (Title VII); 42 U.S.C. § 12117(a) (stating that the remedies and procedures set forth in Title VII, including those pertaining to exhaustion, apply to disability discrimination claims under the ADA); 29 U.S.C. § 794a(a)(1) (language in Rehabilitation Act adopting portion of Title VII, which requires exhaustion of administrative remedies); Frye v. Aspin, 997 F.2d 426, 428 (8th Cir.1993) ("[A] plaintiff suing under the Rehabilitation Act must

3

exhaust administrative remedies."). The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C. § 2000e-5(f)(1).

For an administrative charge to be "timely," the employee must either file it with the EEOC within 180 days of the alleged unlawful employment practice, or file it with a state or local agency within 300 days of the alleged unlawful practice. 42 U.S.C. § 2000e-5(1). In Title VII and ADA cases, the charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge. 42 U.S.C. § 2000e-5(f)(1).

Here, Plaintiff has not alleged whether he has pursued any administrative remedies by filing a charge of discrimination with the EEOC or the NEOC, let alone whether he has exhausted his administrative remedies and received a right-to-sue notice. Thus, the Court cannot confirm whether Plaintiff has exhausted his administrative remedies and filed his Title VII, ADA, and Rehabilitation Act claims in a timely manner in this Court.

**B. Sufficiency of the Complaint**

*1. Title VII*

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "A prima facie case of discrimination requires that the plaintiff '(1) is a member of a protected

group; (2) was meeting the legitimate expectations of the employer; (3) suffered an adverse employment action; and (4) suffered under circumstances permitting an inference of discrimination.'" *Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 903 (8th Cir. 2015) (quoting *Davis v. Jefferson Hosp. Ass'n*, 685 F.3d 675, 681 (8th Cir. 2012)).

Even liberally construed, Plaintiff's Complaint does not allege a prima facie case of discrimination. Plaintiff alludes to his race as being the cause of issues at Hiland, Filing No. 1 at 6, but does not allege that he is a member of a protected class or describe any circumstances that would give rise to an inference of discrimination based on his race. He alleges only that he was terminated after being criticized for his work ethic and after his "complaints, concerns, [and] conflict of the workplace" were disregarded. Filing No. 1 at 6. These allegations do not support a reasonable inference that Hiland is liable for racial discrimination, nor do they provide fair notice of the nature and basis or grounds for Plaintiff's discrimination claim.

*2. ADA and Rehabilitation Act*

The ADA prohibits a covered entity from discriminating "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). An employee seeking relief under the ADA for discrimination must establish that: 1) he has a disability as defined in 42 U.S.C. § 12102(2); 2) he is qualified to perform the essential functions of the job, with or without reasonable accommodation; and 3) he has suffered an adverse employment action because of his disability. *Walz v.*

5

*Ameriprise Fin., Inc.*, 779 F.3d 842, 845 (8th Cir. 2015). A person is disabled within the meaning of the ADA only if he demonstrates that he has a physical or mental impairment which substantially limits one or more of his major life activities,[1] that he has a record of such an impairment, or that he is regarded as having such an impairment. *Amir v. St. Louis University*, 184 F.3d 1017, 1027 (8th Cir. 1999).

The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . . ." 29 U.S.C. § 794. To prevail on a claim under this section, "a plaintiff must demonstrate that: (1) he is a qualified individual with a disability; (2) he was denied the benefits of a program or activity of a public entity which receives federal funds; and (3) he was discriminated against based on his disability." *Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 344 (8th Cir. 2006) (internal quotation marks and citation omitted). "Although the ADA has no federal funding requirement, it is otherwise similar in substance to the Rehabilitation Act, and cases interpreting either are applicable and interchangeable." *Id.* (internal quotation marks and citation omitted).

As with his Title VII claim, Plaintiff's Complaint does not state a claim for relief under either the ADA or the Rehabilitation Act. Plaintiff only alludes to his "disability," Filing No. 1 at 5–6, but does not allege any facts to suggest he is a qualified individual with a disability or that he was discriminated against based on his disability. Nor are there

---

[1] "Major life activities under the ADA are basic activities that the average person can perform with little or no difficulty, including 'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" *Battle v. United Parcel Serv., Inc.*, 438 F.3d 856, 861 (8th Cir. 2006) (quoting 29 C.F.R. § 1630.2(I)).

6

facts alleged to satisfy the federal funding requirement of the Rehabilitation Act. Plaintiff's allegations do not support a reasonable inference that Hiland is liable for disability discrimination, nor do they provide fair notice of the nature and basis or grounds for Plaintiff's ADA and Rehabilitation Act claims.

**C. Payment for Holiday and Overtime Hours**

Liberally construed, Plaintiff may also be alleging a claim under the Fair Labor Standards Act ("FLSA"), which provides, in relevant part:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). "Under the FLSA, an employer must pay a non-exempt employee overtime pay for hours worked in excess of forty hours 'at a rate not less than one and one-half times the regular rate at which he is employed.'" Bell v. Iowa Turkey Growers Co-op., 407 F. Supp. 2d 1051, 1056–57 (S.D. Iowa 2006) (quoting 29 U.S.C. § 207(a)(1)).

Here, Plaintiff alleges he did not receive holiday pay for Memorial Day 2022 that he "was told was based on overtime hours of that pay period." Filing No. 1 at 6. Even given the liberal construction afforded pro se litigants' pleadings, the Court finds Plaintiff's vague, conclusory statement is insufficient to state a plausible claim for relief or provide fair notice of the nature and basis for Plaintiff's FLSA claim, but the Court will give Plaintiff leave to amend his Complaint to allege additional facts in support of this claim.

### IV. CONCLUSION

As it stands, Plaintiff's Complaint fails to state a plausible claim upon which relief may be granted under Title VII, the ADA, or the Rehabilitation Act and fails to establish that Plaintiff exhausted his administrative remedies and timely filed this action. The Complaint also fails to allege a plausible claim under the FLSA. Thus, the Complaint is subject to preservice dismissal under 28 U.S.C. § 1915(e). However, on its own motion, the Court will provide Plaintiff with the opportunity to amend his Complaint (1) to sufficiently allege a FLSA claim, (2) to sufficiently allege Title VII, ADA, and Rehabilitation Act claims against Hiland, and (3) to allege whether he exhausted his administrative remedies with the EEOC/NEOC with respect to such claims and, if so, the date on which he received a right-to-sue notice. Plaintiff should be mindful to describe how Hiland discriminated against Plaintiff on the basis of his race and/or disability and to describe the facts and circumstances surrounding his potential FLSA claim (such as the nature of his position, his work schedule, his regular rate of pay, etc.), to the extent such facts can be credibly alleged.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must comply with federal pleading requirements. Plaintiff should be mindful to describe how Defendant discriminated against Plaintiff on the basis of his race and/or disability, to the extent such facts can be

8

credibly alleged. To that end, Plaintiff may use the enclosed form civil complaint for employment discrimination if he so chooses.

     2.     In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleading.

     3.     The Court reserves the right to conduct further review of Plaintiff's claims in the event he files an amended complaint.

     4.     The Clerk of the Court is directed to send to Plaintiff the Pro Se 7 Form Complaint for Employment Discrimination.

     5.     The Clerk of the Court is directed to set a pro se case management deadline using the following text: **July 3, 2023**: amended complaint due.

Dated this 2nd day of June, 2023.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge